MR. JUSTICE HUNT,
dissenting.
I dissent. There are some disturbing things about this case including the majority’s reliance on formalistic distinctions between legal and factual impossibilities — distinctions that should have been thrown out of our jurisprudence long ago. I find just as disturbing the fact that a Fish and Game undercover agent, investigating poaching and trafficking in parts of illegally-taken game, learns about a “hit man” in the area. The Fish and Game agent arranges for the hit man to eliminate a tax man who is apparently causing some tax problems for the agent. Pure fiction!
But aside from all of that, the District Judge correctly distinguished the Montana “attempt” statute from the “conspiracy” statute. The attempt statute provides that an accused may be convicted of a crime even though the crime is impossible to commit. The conspiracy statute, on the other hand, provides that an accused must *183 act with “the purpose that an offense be committed.” Section 45-4-102(1), MCA. The conspiracy statute thus requires that the crime conspired to must be possible to commit.
Montana statute § 45-5-102, MCA, states that deliberate homicide is the causing of the death of a human being. A human being is defined as a person who has been born and is alive. It is impossible to kill a person who does not exist, or is already dead. It is also impossible to conspire to kill a non-person.
In this case, the victim of the alleged conspiracy did not exist. Therefore, no offense has been committed. I would affirm the District Court Judge.
MR. JUSTICE SHEEHY concurs in the foregoing consent.